UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

REO BRYANT, 463608,
               Petitioner,                           No. 2:14-cv-225
vs.                                         Hon R. Allan Edgar
                                            United States District Judge

JEFFREY WOODS,
               Respondent.
_____/

## OPINION AND ORDER

Petitioner Reo Bryant is incarcerated at the Chippewa Correctional Facility (URF). Petitioner pleaded guilty to the second-degree murder of his 9-month old son. On September 30, 2003, Bryant was sentenced to a prison term of twenty-five to fifty years.   Petitioner filed a motion for relief from judgment on October 14, 2013, which the state trial court denied on November 4, 2013. Petitioner's subsequent appeal was denied by the Michigan Court of Appeals on January 30, 2014, and by the Michigan Supreme Court on September 5, 2014.   Petitioner then filed his habeas corpus application on or about October 23, 2014.[1]

On May 12, 2015, Respondent Jeffrey Woods filed a motion for summary judgement, arguing that Petitioner's application is barred by the one-year statute of limitations.   Docket #8. Petitioner has not responded to this motion.   After reviewing the motion and petition, this Court concludes that Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

---

[1] For purposes of this opinion, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

1

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the   Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).   Petitioner's judgment of conviction occurred on September 30, 2003, but he did not file a direct appeal.   Accordingly, Petitioner's judgment of conviction starts to run when the time for review in the Michigan Court of Appeals expires.   In this case, because the judgment of conviction was dated before September 1, 2011, Petitioner had one year to file his delayed application for leave to appeal to the Michigan Court of Appeals.   Mich. Ct. R. 7.205(G)(3) (amended 2011).   This means that the one-year limitations period started to run on October 1, 2004, and he had until October 1, 2005, to file his habeas petition.   However, Bryant took no action until he filed his motion for relief from judgement on October 14, 2013.   The motion for relief does not toll or otherwise excuse Bryant's late habeas petition.   Bryant signed his petition on September 8, 2014, almost nine years after his limitations period expired.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210.   Petitioner had fair notice and an adequate opportunity to respond to this motion. The Court reviewed the petition and concludes that Petitioner failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case.   Petitioner states that he is excused from the one-year statute of limitations because "the Supreme Court has recognized the constitutional issue" and "the date on which the Judgment became final by the conclusion of direct review."   Docket #1 at 13.   These claims, without more, are not sufficient to overcome the one-year statute of limitations.   The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007).   Accordingly, Petitioner is not entitled to equitable tolling.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v .Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.   In the instant case, Petitioner fails to argue or provide evidence that he is actually innocent.   *Schlup*, 513 U.S. at 329. Therefore, Petitioner is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

## CONCLUSION

In summary, the Court finds that Petitioner's habeas petition is time-barred and will be dismissed with prejudice.   In addition, if Petitioner should choose to appeal this action, the Court must determine whether a certificate of appealability should be granted.   A certificate should

issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug.27, 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).   Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484.   The Court concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong.   This Court **DENIES** Petitioner a certificate of appealability as to each of the issues presented in this petition.

For the same reasons that the Court has dismissed this action, the Court will certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24 that any appeal by petitioner from the Court's decision and judgment would be frivolous and not taken in good faith.   Therefore, any application by Petitioner for leave to proceed in forma pauperis on appeal is hereby **DENIED**.

Petitioner's request for post-conviction relief pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED WITH PREJUDICE**.   Docket #1.   A judgment consistent with this Opinion and Order will be entered.

**SO ORDERED.**

Dated:  10/9/2015  /s/ R. Allan Edgar
R. Allan Edgar
United States District Court Judge

4